An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO S.R.L., A MINOR
CHILD,

DONALD R.G., II,
Appellant,
vs.
WASHOE COUNTY DEPARTMENT OF
SOCIAL SERVICES,
Respondent.

No. 67995

FILED

NOV 1 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order terminating appellant's parental rights. Second Judicial District Court, Family Court Division, Washoe County; Egan K. Walker, Judge.

The child was born exposed to methamphetamine and has a club foot and fetal alcohol syndrome, and was placed with his maternal grandmother who wished to adopt him. Appellant has never been a caregiver for the child, but had some visitation prior to the termination of his parental rights. He requested and was appointed counsel in the district court proceedings, however, his counsel later withdrew due to an irreversible breakdown in the attorney-client relationship, and the district court denied appellant's requests for the appointment of additional counsel. After holding a hearing at which respondent presented evidence and appellant presented no evidence, the district court terminated appellant's parental rights as to the child.

A party petitioning to terminate parental rights must establish by clear and convincing evidence that (1) termination is in the child's best interest, and (2) parental fault exists. NRS 128.105 (1999) (amended 2015); *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014). The district court determined by clear and

15-34664

convincing evidence that terminating appellant's parental rights so that the child could be adopted into the home of a stable caregiver with his half-siblings was in the child's best interest, and that appellant had not overcome the statutory presumption that because the child had been in foster care for 14 of 20 consecutive months, termination served the child's best interest. *See* NRS 128.105(1) (1999) (amended 2015); NRS 128.109(2) (1999) (amended 2015).

Regarding parental fault, the district court found by clear and convincing evidence that appellant was an unfit parent; appellant had failed to adjust the circumstances that led to the child's removal; there was a risk of serious injury if the child were placed with appellant; and appellant had made only token efforts to support the child, prevent neglect, avoid being an unfit parent, and eliminate the risk of injury to the child. *See* NRS 128.105(2)(d)-(f) (1999) (amended 2015). The district court also found that appellant had failed to rebut the presumption of parental fault based on appellant's token efforts that arose from the length of time the child had been out of appellant's care. *See* NRS 128.109(1)(a) (1999) (amended 2015). We have considered appellant's arguments and the record before us, and we conclude that the district court's factual findings are supported by substantial evidence and appellant has not established any grounds for reversal. *See A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d at 761 (providing that this court reviews district court's findings of fact for substantial evidence).

As to appellant's contention that he should have been appointed additional counsel in the district court, we conclude that this argument lacks merit. Under NRS 128.100(2), a court *may* appoint an indigent parent counsel in a termination proceeding; however, there is no absolute right of counsel in parental termination cases. *In re Parental*

*Rights as to N.D.O.*, 121 Nev. 379, 382-83, 115 P.3d 223, 225 (2005). Whether due process mandates appointing counsel is a determination made in the first instance by the district court on a case-by-case basis, and is informed by the complexity of the case, including whether expert testimony is presented. *Id.* at 383-84, 115 P.3d at 226; *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 31-32 (1981). Because appellant had initially been appointed counsel and because the petition to terminate appellant's rights was based on factual allegations that were not particularly complex and did not involve expert testimony, the district court did not abuse its discretion when it declined to appoint appellant counsel for a second time. NRS 128.100(2); *N.D.O.*, 121 Nev. at 382-83, 115 P.3d at 225-26.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc:     Hon. Egan K. Walker, District Judge, Family Court Division
        Donald R.G., II
        Washoe County District Attorney/Civil Division
        Washoe District Court Clerk

---

[1]In light of this order, we deny any further relief requested in appellant's pro se filings pending before this court.